## COMMONWEALTH *vs.* PAUL PEARSON.

An an indictment on the Rev. Sts. *c.* 47, § 1, charging the defendant with being a common seller of spiritous liquor, to be used in his house or other building, without authority or license, it is not necessary to aver that the defendant is an innholder or common victualler.

THE first count in the indictment against the defendant alleged that he, at Newbury, on the 1st of April 1840, and on divers days, &c. " without any authority or license therefor duly had and obtained according to law, did presume to be, and was, a common seller of wine, brandy, rum, and other spiritous liquor, to be used in and about his shop, against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided." There were five other counts in the indictment, charging the defendant with selling, without any legal license or authority therefor, different quantities of spiritous liquor, at different times.

The defendant was tried at the last September term of the court of common pleas, before *Strong*, J. and was found guilty on the first, fourth, and sixth counts, and not guilty on the other

three counts. He thereupon filed exceptions to the ruling of the judge as to the evidence introduced to support the fourth and sixth counts, and also a motion in arrest of judgment. The cause assigned for arresting judgment on the first count was, "because it is not therein averred that the respondent was an innholder or common victualler." The judge overruled the motion in arrest, and the case was brought into this court.

It became unnecessary for the court to decide any question in the cause, besides that which arose on the motion to arrest judgment on the first count in the indictment.

*Lunt*, for the defendant.

*Austin*, (Attorney General,) for the Commonwealth.

SHAW, C. J. Motion in arrest of judgment, and exceptions to the ruling and decisions of the judge of the court of common pleas, before whom the cause was tried.

The ground for the motion in arrest of judgment is, that the first count in the indictment is founded on the Rev. Sts. *c.* 47, § 1, and that in this count it is not averred that the defendant was an innholder or common victualler ; and therefore that a conviction on that count is not sufficient to warrant and support a judgment. The validity of this objection must depend upon the construction of that first section. The averment in this first count is, that the defendant on &c., at &c., "without any authority or license therefor duly had and obtained according to law, did presume to be, and was, a common seller of wine, brandy, rum, and other spiritous liquor, to be used in and about his shop," &c.

It is to be borne in mind, that this 47th chapter of the revised statutes provides for the licensing of a common innholder, one of whose ordinary occupations is to sell spiritous liquors, and who is under obligation to entertain travellers, and for that purpose to be provided with lodging rooms, and also with stables for horses and cattle. The statute also provides, in certain cases, for licensing victuallers, one of whose ordinary occupations it is to sell spiritous liquors, and also to provide food and refreshment for guests ; but who are exempted from the duty of furnishing lodging for travellers, or stables for horses. But

although the sale of wine, rum, and other spiritous liquors, is one of the employments incident to the occupation of a common innholder and common victualler, it is not the only or the main characteristic of those occupations. A man, therefore, might open a common bar room, grog shop, or drinking house, without the provisions for lodging and stables, belonging to taverns, or of eating and other refreshments, belonging to a common victualler. There being no provision to license the latter, and it being manifestly against the whole scope and policy of the law, it was intended to prohibit them absolutely. Then it appears to us that the three descriptions used in the statute were intended to meet the circumstances of each case, as it should arise, and as they were intended to be restrained or prohibited. One person might open a house with all the *indicia* and preparations for a tavern, with bar room, lodging rooms, and stables. In regard to him, the indictment might truly aver, that he presumed to be, and was, a common innholder and seller of wine, rum, &c. without license. Another might open a similar house, omitting the lodging and stables ; and he might be charged as presuming to be, and being, a common victualler and seller of liquor without license. But the facts would not support an averment that he was a common *innholder* and seller of spiritous liquors. From this view, it might seem at first blush, that it would be sufficient, on this third description in the statute, to aver that one did presume to be, and was, a common seller of wine, rum, &c without averring that he was not duly licensed therefor ; because there can be no license for it. It is true there can be no license for that employment alone and by itself : But inasmuch as one is licensed so to sell, if he is licensed to be a common innholder or victualler, it is still proper, and perhaps necessary, to allege that he was not duly licensed therefor.

Our attention was called, in the argument, to the consideration, that in the first part of the first section of the statute, the terms "innholder," "common victualler," and "common sel ler," &c., are used ; and, as the counsel supposed, were used synonymously : whereas, in the latter part of the same section, the terms "innholder" and "common victualler" only are used

The reason of this change of phraseology appears to be quite obvious. All the three, in the first part, come under the clause of prohibition. The innholder and victualler were excepted, if licensed ; leaving the prohibition absolute as to the common seller. To read this section, then, as we understand it, it runs thus : No person shall presume to be an innholder, nor a common victualler, nor a common seller of wine, rum, &c. to be used in or about his house or other building, unless he is first licensed as an innholder or common victualler. The offence, with which the indictment charges the defendant, is, that he did presume to be, and was, a common seller of rum, &c. to be used in his shop, without being first duly licensed. Inasmuch as the statute makes the occupation of being a common seller, without license as an innholder or common victualler, a distinct, substantive offence, the court are of opinion, that the offence may be so described in the indictment, and that it was not neces sary to describe the defendant also as an innholder or common victualler. Nor would it be proper, unless the prosecutor was prepared with proof that he was an innholder or common victualler, as well as a common seller of rum, &c. to be used in his house or other building. We are therefore of opinion, that the motion in arrest of judgment be overruled.

We have not thought it necessary to consider the exceptions, because they apply to the other counts only, and the Attorney General proposed, in case of a conviction on the first count, which would in effect merge the other charges, to enter a *nol. pros.* as to the other counts. For the same reason, the motion in arrest of judgment on the other counts has become immaterial, and has not been considered by the court.